Affirmed and Majority and Concurring
Opinions filed August 31, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00470-CV



Luke Wayne
Harrison, Appellant 

v.

Bonny Caye
Harrison, Appellee 



On Appeal from
the County Court at Law

Washington County, Texas

Trial Court
Cause No. CCL5757



 

CONCURRING OPINION 

This court correctly holds that the trial court did
not err in awarding a one-half interest in the Burton property to appellee
Bonny Caye Harrison as her separate property; however, the court need not and
should not discuss what evidence is necessary to rebut the presumption that
appellant Luke Wayne Harrison intended to gift this property interest to Bonny.

            When a spouse
uses separate-property consideration to pay for land acquired during the
marriage and title to the land is taken in the name of both spouses, it is
presumed the spouse purchasing the property intended the interest placed in the
other spouse to be a gift.   Cockerham v. Cockerham, 527 S.W.2d 162, 168
(Tex. 1975).  This presumption, however, can be rebutted by evidence clearly
establishing there was no intention to make a gift.  Id.  Luke used his
separate property to buy the Burton property during marriage, and title to the
land was taken in the names of both Luke and Bonny.  Therefore, there was a
presumption that Luke intended a gift to Bonny of a one-half interest in the
Burton property.  See id.  If Luke did not rebut this presumption, then
the trial court did not err in finding that Luke intended to gift this property interest to Bonny. If
Luke did rebut this presumption, there still is legally sufficient evidence to
support the trial court’s finding that Luke intended to gift this property
interest to Bonny.[1] 
Therefore, this court need not address whether the presumption of gift was
rebutted, and the majority’s discussion of this issue constitutes obiter dicta.

            The majority
states that the cases are inconsistent as to what constitutes “evidence clearly
establishing there was no intention to make a gift” such that the presumption
is rebutted.  Id.  However, research reveals no inconsistency in cases either
from the Supreme Court of Texas or this court.  See id.; Carter v.
Crater, 736 S.W.2d 775, 781 (Tex. App.—Houston [14th Dist.] 1987, no
writ).  To the extent cases from other courts of appeals conflict with cases
from the Supreme Court of Texas and this court, this court must follow the latter
binding precedent. See Chase Home Fin., L.L.C. v. Cal W. Reconveyance Corp.,
309 S.W.3d 619, 630 (Tex. App.—Houston [14th Dist.] 2010, no pet.).  If
rebuttal of the presumption were necessary to the disposition of this appeal, a
discussion of any conflicting opinions from other courts of appeals might be
warranted. However, given the diverse fact patterns and types of testimony with
which parties might try to rebut the presumption and given that this issue is
not necessary to determine the appeal, the better course is to leave this issue
for another day.

            For this reason,
I respectfully decline to join the majority opinion, but I concur in the
court’s judgment.

             








                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

 

Panel consists of Justices Anderson,
Frost, and Seymore.  (Anderson, J., majority).

 

 









[1] Considering
the evidence in the light most favorable to the challenged finding, indulging
every reasonable inference that would support the finding, crediting favorable
evidence if a reasonable factfinder could, and disregarding contrary evidence
unless a reasonable factfinder could not, the evidence at trial would enable
reasonable and fair-minded people to find that Luke intended to gift this
property interest to Bonny.  See City of Keller v. Wilson, 168 S.W.3d
802, 823 (Tex. 2005).